1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LUZA HILDA MATA,<br><br>         Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCATION, et al.,<br><br>         Defendant. | CASE NO. 11CV71 JLS (CAB)<br><br>**ORDER (1) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER; (2) SETTING HEARING FOR PRELIMINARY INJUNCTION**<br><br>(Doc. No. 3.) |
|---|---|

On January 13, 2011, Plaintiff filed a complaint against Defendants alleging ten causes of action related to loan transactions and foreclosure. (*See* Doc. No. 1.) Concurrently therewith, Plaintiff filed the instant motion for temporary restraining order and/or preliminary injunction. (Doc. No. 3 (Mot. TRO).) Plaintiff has yet to serve process on Defendants.

**1. Temporary Restraining Order**

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, — U.S. —, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 128 S. Ct. 2207, 2218–19 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City*

*of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).  This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *NRDC*, 129 S.Ct. at 376.  This "clear showing" requires Plaintiff to show more than a mere "possibility" of irreparable harm, but instead he must "demonstrate that irreparable injury is *likely* in the absence of an injunction."  *Id.* at 375 (emphasis in original); *Am. Trucking Ass'ns*, 559 F.3d at 1052.

When a plaintiff has not provided notice of her application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a temporary restraining order.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "The stringent restrictions imposed . . . by Rule 65[] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

Accordingly, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO."  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  "For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'"  *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).  Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322).

Although Plaintiff does not frame its application for TRO as an ex parte one, the Court treats it as such because there is no evidence of written or oral notice to the adverse party.  There is no evidence of service on Defendants and no declaration regarding oral notice.

1   As an ex parte application, Plaintiff has failed to meet the second requirement of Rule 65(b)(1).  Neither Plaintiff nor Plaintiff's counsel has certified in writing any efforts to give notice to Defendants.  (*See* Doc. 3-9.)  Plaintiff has also not demonstrated that notice is impossible or would render further prosecution of the action fruitless, as is required for an ex parte TRO.  *Reno Air Racing*, 452 F.3d at 1131.

Because Plaintiff has not met the second requirement for a TRO without notice, Plaintiff's application is **DENIED**.

**2.   Preliminary Injunction**

Plaintiff's application also requests a preliminary injunction.  (*See* Doc. 3-1 at 16.)  Under Rule 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Accordingly, to have their request for a preliminary injunction set for hearing, Plaintiff must serve Defendants with all documents they have filed in this matter, including the complaint, the application, counsel's declaration, and this Order by January 28, 2011.  Plaintiff must electronically file proof of service by February 2, 2011.

If Plaintiff timely serve and file all documents, the request for a preliminary injunction will be set for hearing on Friday, March 18, 2011 at 3:00 p.m.  An opposition to the preliminary injunction **SHALL** be filed by February 18, 2011.  A reply, if Plaintiff wishes to file one, **SHALL** be filed by February 25, 2011.  If all documents are not served as directed, the matter will not be heard on March 25, 2011.  Rather, Plaintiff must obtain the next available hearing date from chambers under Local Civil Rule 7.1(b).

## CONCLUSION

For the reasons stated, Plaintiff's ex parte application for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**

DATED:  January 19, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge